IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN ROBINSON,

          Plaintiff,

    v.                                      OPINION and ORDER

WARDEN LARRY FUCHS, MICHAEL FINK, and          25-cv-36-jdp
RYAN BLOUNT,

          Defendants.

---

Plaintiff Kevin Robinson, proceeding without counsel, is currently incarcerated at Green Bay Correctional Institution. Robinson alleges that, while he was incarcerated at Columbia Correctional Institution, he was found guilty of sexually assaulting another inmate solely because he exercised his right to refuse to submit to a forensic examination. He attempts to sue the warden at CCI, defendant Larry Fuchs, a complaint examiner, defendant Michael Fink, and CCI's security director, defendant Ryan Blount, for retaliation and for violating his rights to due process.

Robinson's complaint is before the court for screening. I must dismiss any portion of his complaint that is frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I must accept the factual allegations in his complaint as true and interpret his complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss Robinson's complaint for failing to state a claim for relief. But I will give Robinson an opportunity to amend his complaint to fix the problems identified in this opinion.

ALLEGATIONS OF FACT

I draw the following allegations from Robinson's complaint and the documents that Robinson attached to it.

In November 2022, Robinson's former cellmate accused Robinson of sexually assaulting him by forcing him to have oral and anal sex. After reporting the incident, Robinson's former cellmate was transported to Meriter Hospital for a sexual assault medical forensic examination. The examiner found injury and tenderness to the cellmate's soft palate, and redness and bruising to his anus. Robinson was also transported to Meriter Hospital, but he refused to submit to a forensic examination.

Defendant Michael Fink was assigned to investigate the allegations. Robinson had an ongoing conflict with Fink because Fink mismanaged one of Robinson's Prison Rape Elimination Act complaints. During Fink's investigation of the incident, Robinson notified CCI's warden, defendant Larry Fuchs, about his prior issues with Fink. Robinson also asked Fink to recuse himself from the investigation.

In December 2022, Robinson attended a disciplinary hearing regarding his former cellmate's allegations against him. Fink's conduct report about the incident, which noted that Robinson had refused a forensic examination, was read aloud at the hearing. The disciplinary hearing committee unanimously found Robinson guilty of aggravated sexual assault under Wis. Admin. Code DOC § 303.17.

ANALYSIS

Robinson contends that defendants found him guilty of aggravated sexual assault solely because he exercised his right to refuse to submit to a forensic examination. Robinson's

allegations suggest claims for retaliation in violation of his First Amendment rights. To state a First Amendment retaliation claim, Robinson must allege facts showing that defendants took an adverse action against him because of his protected activity. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). Robinson's allegations also suggest claims for violations of his rights to due process. Robinson can state a due-process claim by alleging that he was deprived of his right to an impartial decisionmaker. *Prude v. Meli*, 76 F.4th 648, 657 (7th Cir. 2023).

Robinson's claims fail because he hasn't alleged facts showing that the named defendants were personally involved in violating his constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).[1] None of the named defendants found Robinson guilty of anything. Instead, the members of the disciplinary hearing committee, non-parties Kristy Szelagowski and Kevin Pitzen, were the individuals who found Robinson guilty of aggravated sexual assault. Robinson doesn't attempt to sue Szelagowski or Pitzen. Nor does he explain how they retaliated against him or violated his rights to due process.

Even if Robinson had attempted to sue Szelagowski or Pitzen, a due process claim against them would fail. A prison disciplinary hearing committee's decision must be supported by "some evidence" to satisfy due process. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Wilson v. Castaneda*, 143 F.4th 814, 819 (7th Cir. 2025). Here, the "some evidence" standard is easily met. Robinson's former cellmate reported the assault to Fink. The

---

[1] Robinson does not contend that defendant Michael Fink falsified the underlying conduct report. In any event, a false conduct report does not violate an inmate's due process rights "because an inmate has ability to litigate the truthfulness of the report through the hearing process." *Lagerstrom v. Kingston*, 463 F.3d 621, 624–25 (7th Cir. 2006).

cellmate identified Robinson as the assailant. And a forensic examination of the former cellmate showed that he had injuries consistent with sexual assault. The hearing committee's decision did not violate Robinson's rights to due process.

Before dismissing the case, I will give Robinson the opportunity to amend his complaint. In drafting his amended complaint, Robinson should remember to carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Robinson should also take care to allege what each defendant did, or failed to do, to violate his rights.

<div align="center">ORDER</div>

IT IS ORDERED that:

1. Plaintiff Kevin Robinson's complaint, Dkt. 1, is DISMISSED.

2. Robinson may have until June 26, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Robinson must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Robinson must fill out the form completely. If Robinson requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If Robinson fails to comply with this order, I may dismiss the case.

6. Robinson must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7.  Robinson is to be sent a copy of the court's prisoner complaint form.

Entered May 26, 2026.

<div style="margin-left: 40%;">

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

</div>