IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN ROBINSON,

                    Plaintiff,

          v.                                                    OPINION and ORDER

WARDEN LARRY FUCHS,                                            25-cv-36-jdp
MICHAEL FINK, and RYAN BLOUNT,

                    Defendants.

---

Plaintiff Kevin Robinson, a state prisoner representing himself, alleges that defendants found him guilty of sexual assault in an administrative proceeding within the prison system, solely because he exercised his right to refuse to submit to a forensic examination. The court dismissed the complaint for failing to state a claim for relief, but it has granted plaintiff the opportunity to amend his complaint. Dkt. 12. This order addresses plaintiff's motion to seal this case, which the court will deny for the following reasons.

ANALYSIS

Plaintiff faces a high burden. "Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). The public at large has "an interest in what goes on at all stages of a judicial proceeding" because it pays for the courts. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). That interest "can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." *Id.* (citations omitted). The Seventh Circuit "does not look favorably on

indiscriminate, reflexive motions to seal the . . . record, but narrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 349 (7th Cir. 2006) ("We hope never to encounter another sealed opinion."). Sealing an entire case is only appropriate in "extreme cases" when there is "a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children." *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002).

Plaintiff's motion does not meet these demanding standards. He states that the possibility other inmates may discover this lawsuit and take it as proof of unproven allegations about his sexuality and conduct subjects him to the risks of harassment, ridicule, and retaliation, and that he has "a history with hazing, bullying & violence" he does not want to repeat. Dkt. 13 at 2. But this case was filed in January 2025, and while plaintiff's motion presents serious concerns, they are generalized, unsupported, and speculative. Plaintiff does not point to a specific threat of harm or retaliation, nor does he establish that he has used his prison's safety mechanisms, such as protective custody or separation orders, and that these mechanisms were inadequate. *See Torres v. Willis*, No. 3:24-CV-300-MAB, 2026 WL 220987, at *2 (S.D. Ill. Jan. 28, 2026) (denying a motion to seal a case based in part on the plaintiff's failure to establish that his prison's safety mechanisms were inadequate). In any event, sealing this case now would likely not afford practical benefit to plaintiff because the information he seeks to seal has been publicly available for over a year and a court order would not remove references to it from online search engines and databases. *See Prude v. Dixon*, No. 23-CV-1233, 2024 WL 4581292, at *1 (E.D. Wis. Oct. 24, 2024) (sealing the case would not alleviate the

2

plaintiff's concern about being labeled a "snitch" because "other public records also detailed the inmate assault at issue.").

ORDER

IT IS ORDERED that plaintiff Kevin Robinson's motion to seal this case, Dkt. 13, is DENIED.

Entered June 24, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge